IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Manuel Smith, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:10-cv-72 |
| | ) | |
| Preference Personell, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

Smith seeks monetary damages against the defendants for alleged violations of North Dakota State law and a violation of the Americans with Disabilities Act ("ADA"). Smith claims he was refused employment by the defendants because of retaliation, unequal treatment, and discrimination after Smith requested that an interview be rescheduled because he did not have enough time utilizing metro area transit to get from Preference Personnel, the temp agency, to the job placement site where the interview was to be conducted. He claims defendants failed to make reasonable accommodations under the ADA.

Under 28 U.S.C. § 1915(e)(2), the court may *sua sponte* review an IFP complaint and dismiss the action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Plaintiff's complaint must be construed liberally, although it must still state a claim as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

Smith does not specify under which title of the ADA he is entitled to relief. "Title I prohibits discrimination in employment against qualified individuals with disabilities." Klingler v. Dir., Dep't of Revenue, State of Mo., 433 F.3d 1078, 1080 (8th Cir. 2006) (citing 42 U.S.C. § 12112). "Title II prohibits 'public entities' from excluding disabled individuals from or denying

them the benefits of programs, activities, or services, and from otherwise discriminating against them." Id. (citing 42 U.S.C. § 12132).  "Title III prohibits discrimination or the denial of 'full and equal enjoyment' of goods, services, and other benefits provided by 'places of public accommodation' operated by private entities." Id. (citing 42 U.S.C. §§ 12181(6), (7), 12182.  Regardless of which title under the ADA Smith intended to bring suit, he is not entitled to relief because he has not alleged he has any disability as defined by 42 U.S.C. § 12102, or that defendants considered him to have a disability.   Furthermore, this court does not have jurisdiction over Smith's state law claims because although there is diversity of citizenship, Smith has not alleged the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Accordingly, **IT IS RECOMMENDED** that Smith's complaint and cause of action **BE DISMISSED** without prejudice.

Pursuant to Local Rule 72.1 (D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy.

Dated this 14th day of September, 2010.

                                          /s/ *Karen K. Klein*
                                          Karen K. Klein
                                          United States Magistrate Judge